## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| WILLIAM O. GARDNER, JR., | ) |
| Plaintiff, | ) ) ) |
| v. | ) **MEMORANDUM OPINION** ) **AND RECOMMENDATION** |
| TIMCO AVIATION SERVICES., INC., HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY, and GROUP SHORT TERM DISABILITY, LONG TERM DISABILITY, LIFE AND SUPPLEMENTAL LIFE PLAN FOR EMPLOYEES OF TIMCO AVIATION SERVICES, INC., | ) ) 1:10CV429 ) ) ) ) ) ) ) ) |
| Defendants. | ) |

This matter is before the court on a motion to dismiss (docket no. 13) and a motion to strike (docket no. 14) by all Defendants. Plaintiff has responded in opposition to the motions, and the matter is ripe for disposition. Furthermore, the parties have not consented to the jurisdiction of the magistrate judge; therefore, the motions must be dealt with by way of recommendation. For the reasons discussed below, it will be recommended that the court grant both of Defendants' motions.

**BACKGROUND**

In this lawsuit, Plaintiff seeks entitlement to long-term disability ("LTD") benefits under an employee benefit plan ("the Plan") in which he was a member and

participant.[1] Specifically, Plaintiff seeks entitlement to LTD benefits under the Group Short Term Disability and Long Term Disability, Life and Supplemental Plan for Employees of TIMCO Aviation Services, Inc. ("the Plan"), established by Plaintiff's former employer, Defendant TIMCO Aviation Services, Inc. ("TIMCO"). As an employee of TIMCO, Plaintiff was a participant of the Plan. Defendant Hartford Life and Accident Insurance Company ("Hartford") issued a policy, policy # GLT-674981 ("the Policy"), to TIMCO to fund the LTD benefit portion of the Plan. The parties agree that the Plan is governed by the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1001 et seq.

**FACTS AND CLAIMS**

Plaintiff was a TIMCO employee until 2006. (Compl. ¶¶ 5, 6.) As an employee, Plaintiff was provided with LTD benefit coverage through the Plan. (*Id.* ¶¶ 4, 5.) Defendant Hartford issued the Policy to TIMCO to fund the LTD benefits under the Plan. (*Id.* ¶ 4.) In June 2006, Plaintiff ceased working and applied for LTD benefits with Hartford, claiming that he was no longer able to perform his work due to certain medical conditions. (*Id.* ¶¶ 6-9.) Hartford approved Plaintiff's claim and awarded LTD benefits to Plaintiff beginning in September 2006, and Hartford continued to pay LTD benefits to him through February 2009. (*Id.* ¶ 9.) Hartford subsequently terminated Plaintiff's claim for continuing LTD benefits beyond

---

[1] Plaintiff filed his complaint in Guilford County Superior Court on May 3, 2010, and Defendants removed the action to this court on June 3, 2010.

February 2009. (*Id.*) Plaintiff alleges that the termination of his LTD benefits was wrongful, and he seeks recovery of his benefits under the Policy and Plan. (*Id.* ¶¶ 12, 14, 21.) In his complaint, Plaintiff purports to allege a state law breach of contract claim, as well as claims under ERISA §§ 502(a)(1)(B) and 502(a)(3). Plaintiff has also requested a jury trial in the complaint. Defendants have filed a motion to dismiss Plaintiff's breach of contract claim and his claim under ERISA 502(a)(3) pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Defendants have also filed a motion to strike Plaintiff's request for a jury trial under Rule 12(f).

**STANDARD OF REVIEW**

The court first addresses Defendants' motion to dismiss under Rule 12(b)(6). In ruling on a motion to dismiss for failure to state a claim, it must be recalled that the purpose of a 12(b)(6) motion is to test the sufficiency of the complaint, not to decide the merits of the action. *Schatz v. Rosenberg*, 943 F.2d 485, 489 (4th Cir. 1991); *Food Lion, Inc. v. Capital Cities/ABC, Inc.*, 887 F. Supp. 811, 813 (M.D.N.C. 1995). At this stage of the litigation, a plaintiff's well-pleaded allegations are taken as true, and the complaint, including all reasonable inferences therefrom, are liberally construed in the plaintiff's favor. *McNair v. Lend Lease Trucks, Inc.*, 95 F.3d 325, 327 (4th Cir. 1996).

The duty of fair notice under Rule 8(a), however, requires the plaintiff to allege, at a minimum, the necessary facts and grounds that will support his right to

3

relief. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). As the Supreme Court has instructed, although detailed facts are not required, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (internal citation omitted). *See also Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009) (clarifying *Twombly*). With these principles in mind, the court now turns to the motion to dismiss.

**DISCUSSION**

<u>Defendants' Contention that Plaintiff's State Law Claim for Breach of Contract Is Preempted by ERISA</u>

Section 514(a) of ERISA provides that ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan . . . ." 29 U.S.C. § 1144(a). In support of the motion to dismiss, Defendants first contend that Plaintiff's state law claim for breach of contract is completely preempted by ERISA. I agree and find that the court should treat Plaintiff's breach of contract claim as a claim brought pursuant to ERISA § 502(a)(1)(B), with the remedies limited

to those provided under Section 502.[2]  To this extent, Plaintiff's state law claim for breach of contract should be dismissed.

Defendants' Contention that Plaintiff's Claim Brought Pursuant to ERISA 502(a)(3) Should Be Dismissed

In Plaintiff's Second Claim for Relief, Plaintiff seeks relief under 29 U.S.C. § 1132(a)(1)(B) (ERISA § 502(a)(1)(B)) or, alternatively, under 29 U.S.C. § 1132(a)(3) (ERISA § 502(a)(3)), to provide redress for an alleged breach of fiduciary duty by Defendant Hartford.  ERISA § 502(a)(1)(B) provides that a plan beneficiary may "recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."  29 U.S.C. § 1132(a)(1)(B).  In turn, ERISA § 502(a)(3) provides that a plan beneficiary may seek an injunction or "other appropriate equitable relief" to address ERISA violations.  29 U.S.C. § 1132(a)(3).  The United States Supreme Court has clearly held that if Plaintiff has adequate remedies available to him under ERISA § 502(a)(1)(B), then an additional or alternative claim for equitable relief brought under ERISA § 502(a)(3) based on allegations of breach of fiduciary duty is duplicative, unnecessary, and inappropriate.  *Varity Corp. v.*

---

[2] To the extent that Plaintiff argues in his response brief that the "savings clause" in 29 U.S.C. § 1144(b)(2)(A) (ERISA § 514(b)(2)(A)) relating to regulation of state insurance law exempts his breach of contract claim from preemption, I agree with Defendants that the United States Supreme Court squarely rejected this argument in *Pilot Life Insurance Co. v. Dedeaux*, 481 U.S. 41, 57 (1987).  *See also Custer v. Pan Am. Life Ins. Co.*, 12 F.3d 410, 420 (4th Cir. 1993).

5

*Howe*, 516 U.S. 489, 515 (1996) (stating that "[w]here Congress elsewhere provided adequate relief for a beneficiary's injury, there will likely be no need for further equitable relief, in which case such relief normally would not be 'appropriate'"). In accordance with *Varity*, the Fourth Circuit has established that a claimant's sole recovery for injury due to termination of employee benefits is under ERISA § 502(a)(1)(B), and an additional, or alternative, claim for equitable relief brought under Section 502(a)(3) based on breach of fiduciary duty is not appropriate. *Korotynska v. Metro. Life Ins. Co.*, 474 F.3d 101, 102-03 (4th Cir. 2006). Here, because Plaintiff has an avenue of recovery available to him under ERISA § 502(a)(1)(B) for denial of benefits, his claim brought under ERISA § 502(a)(3) is not cognizable and should be dismissed.³

Finally, to the extent that Plaintiff has requested a jury trial, it is well established that a jury trial is not available in an action to recover benefits under ERISA § 502(a)(1)(B). *See Berry v. Ciba-Geigy Corp.*, 761 F.2d 1003, 1007 (4th Cir. 1985). To this extent, Defendants' motion to strike Plaintiff's request in the complaint for a jury trial should be granted.

---

³ I agree with Defendants that Plaintiff's argument to the contrary is foreclosed by Fourth Circuit precedent. Plaintiff cites to the Second Circuit decision of *Develin v. Empire Blue Cross & Blue Shield*, 274 F.3d 76, 89-90 (2$^{d}$ Cir. 2001), for the proposition that he should be permitted to plead under both sections to preserve his right to recovery until further development in the litigation. As Defendants note, however, the Fourth Circuit in *Korotynska* specifically rejected the holding from *Develin*. *Korotynska*, 474 F.3d at 106.

**CONCLUSION**

For the reasons stated herein, **IT IS THEREFORE RECOMMENDED** that the court **GRANT** Defendants' motion to dismiss (docket no. 13) and motion to strike (docket no. 14).

_____
WALLACE W. DIXON
United States Magistrate Judge

August 19, 2010